UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLEAR SKIES NEVADA, LLC                                         CIVIL ACTION

VERSUS                                                          NO. 16-1511

DOE-68.96.33.171                                                SECTION "I" (2)

## ORDER AND REASONS ON MOTION

This is a copyright infringement action filed against an unidentified "John Doe"-type defendant, named as an Internet Provider ("IP") address. Plaintiff filed an Ex Parte Motion for Order Directing Service of Subpoena by United States Marshal. Record Doc. No. 11. Plaintiff apparently has now identified the IP address user as Tania Scott and seeks to serve her with a deposition subpoena, in part to confirm that she is the appropriate defendant. Plaintiff seeks in this motion to have the United States Marshal serve Scott with the deposition subpoena, in lieu of its retained private process server, who has been unable to serve Scott to date.

Plaintiff cites two legal bases for its motion, neither of which is availing. First, 28 U.S.C. § 566(d) does not say what plaintiff asserts it does. It has nothing to do with serving a subpoena. Second, plaintiff cites Fed. R. Civ. P. 44(b)(1). This is clearly a typographical error and should be Rule 45(b)(1) regarding service of subpoenas.

Rule 45(b)(1) was amended in 1991 to delete any reference to "the United States marshal and deputy marshal . . . because of the infrequency of the use of these officers for this purpose." Official Advisory Committee Notes to 1991 amendment of subdivision (b). Thus, although the marshal's staff could serve the subpoena, they are not required to do so.

The staff of the United States Marshal in this district has been reduced dramatically during the more than two decades in which I have worked in this court. Twenty years ago, 24 deputy Unites States marshals were available to handle this court's business. Today, only eight such positions are filled. Despite this massive reduction, the marshal remains tasked with substantial duties concerning much more serious matters than serving deposition subpoenas in civil cases involving small amounts of money and matters of minimal public interest. The marshal's serious and demanding duties include tracking and arresting dangerous and violent criminal fugitives and other persons accused of crime, internal security at the courthouse involving prisoner transportation and personal judicial security, and seizing ships in the Mississippi River. In short, the marshal's staff must prioritize its many duties, and service of deposition subpoenas like this one must be assigned the lowest possible priority. Under Rule 45(b)(1), any person over the age of 18 can serve a subpoena.

In this case, I find that plaintiff's private process server has not made adequate efforts to serve Scott and may be ill-suited to do so. The process server's declaration, Record Doc. No. 11-2, states that when he first attempted service at Scott's residence, an adult man answered the door and offered to accept service for Scott, but the process server decided not to leave the subpoena. Thus, the process server could have made acceptable domiciliary service the first time, but incomprehensibly declined to do so. A deposition subpoena may properly be served by domiciliary service, which is accomplished by leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age

and discretion who resides there. Fed. R. Civ. P. 45(b)(1) and 4(e); La. Code Civ. Proc. art. 1234.

According to his declaration, the process server then made several subsequent and inadequately conscientious failed attempts to serve Scott. He knows Scott's address and the license numbers and descriptions of two cars registered to her. Having this information, the private process server is in a better position and should have more time than a deputy United States marshal to wait for Scott outside the house at her known address until she appears or to locate and follow her known cars and serve her personally if that is what he thinks he must do.

Given the scarce resources available in the United States Marshal's Service in this district, the high priority that the marshal must assign to other, more important assigned tasks, especially on this court's criminal and maritime dockets, and the inadequate efforts of plaintiff's private process server to date, the motion is DENIED.

To afford plaintiff an adequate opportunity to encourage more comprehensive and conscientious efforts from its private process server, IT IS FURTHER ORDERED that the Rule 4(m) deadline by which plaintiff must serve summons and complaint on the defendant, who must by then be properly named and identified in an amended complaint, is extended to September 14, 2016.

New Orleans, Louisiana, this ___12th___ day of August, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

3

CLERK TO NOTIFY:
HON. LANCE AFRICK